## VASSEAR *against* LIVINGSTON.

Where in an action by the assignee of a demand for engraving plates the defend-
ant by his answer denied the complaint, and as a further defence alleged that
by the contract between him and the assignor, the plates *were to be
furnished by a specified time, and that the assignor made default whereby
the defendant sustained damages ; *Held*, that this was not a *counter claim* re-
quiring a reply to put the new matter in issue.[1]

*249]

The new matter alleged does not constitute a cause of action against the plain-
tiff, although it was sufficient, if proved, to bar his recovery.

A counter claim which requires a reply to put it in issue must contain in substance
a cause of action in favor of the defendant against the plaintiff.

Notice under section 399 of the Code of the intended examination of an assignor
of a chose in action or contract as a witness, is not necessary where the other
party to the contract or thing in action, is the party to the action against whom
the assignor is to be examined.   *Per* DENIO, J.

Such notice is only required where the party against whom the assignor is to be
examined, is not an original party to the contract or thing in action.   *Per*
DENIO, J.

Vassear *v.* Livingston, 4 Duer 285, affirmed.

APPEAL from a judgment of the superior court of the
city of New-York.

The action was brought in 1853 by the plaintiff, as the
assignee of Alexander H. Ritchie, and the complaint set forth
that the defendant employed Ritchie to engrave four like-
nesses for $50 each, which Ritchie, it was alleged, had done,
and that the defendant had refused to receive the plates
and pay for the engraving; and furthermore that Ritche had
assigned the demand to the plaintiff.   The answer denied
the allegations of the complaint, and as a further and separate
answer set forth that Ritchie had agreed to engrave the
four plates from daguerreotype portraits for the defendant,
and to finish and deliver them within six weeks from April
2d, 1853 ; that he had failed to perform that agreement;
that the portraits were designed, as Ritchie knew, for illus-

---

[1] See Code of Criminal Procedure, § 514–17.

Vassear *against* Livingston.

trations of a periodical publication issued by the defendant, and that the latter had sustained damages on the account of Ritchie's default in the premises to $200, which the defendant claimed to recoup and set-off against any damages to be established by the plaintiff. The answer concluded by praying judgment for damages against the plaintiff of $200. No reply was put in.

On the trial before Chief Justice Oakley, the defendant, before any evidence was given, asked for a dismissal of the *complaint, on the ground that the answer contained [*250 a counter claim, which, there being no reply, was admitted; and as the damages of the defendant, as stated in the answer, were equal to the claim made by the plaintiff, there could, it was claimed, be no recovery in favor of the plaintiff. The motion was denied and the defendant excepted.

Ritchie was called as a witness for the plaintiff and was sworn without objection in the first instance, and proved a written assignment by himself to the plaintiff of the claim against the defendant for engraving the four plates. It was without date. Ritchie further testified that the consideration of the assignment was the plaintiff's note for $175; that he deposited the note in a bank for collection and it was paid at maturity; that the witness did not furnish the plaintiff with money to pay the note, but that one Johnson, a brother-in-law of the plaintiff, borrowed money of the witness, which the witness had no doubt went to take up the note, or was furnished to the plaintiff for that purpose; that Johnson gave the witness his note for the money borrowed. The plaintiff then proposed to examine Ritchie on the merits of the claim. The defendant objected, but did not state the grounds of his objection. The judge overruled the objection and the defendant excepted. The witness proved an agreement in writing, dated April 2d, 1853, by which he, the witness, acknowledged the receipt of four daguerreotypes of four persons named, from the defendant to be engraved at $50 each, and to be finished and delivered

within six weeks from that date. He further testified that the plates were engraved, but not within the time mentioned, and that on the 11th of July following, after they were finished, the defendant refused to take or to pay for them, alleging that they were not finished by the time agreed upon and he was not therefore legally bound to take them. The witness testified that the defendant expressly extended the time for the performance of the work and furthermore *251] that they could not be finished in time for want *of the autograph signatures of the persons whose portraits they were, which were to be engraved under the portraits and which the defendant was to furnish, but which he neglected to do until after the expiration of the six weeks, when he did furnish them to be engraved, and that the engraving was done in a reasonable time afterwards. On his cross-examination the witness stated that he had sued the defendant for this work in his own name, but afterwards discontinued the action and paid the defendant's costs; that he assigned the claim for the purpose of becoming a witness against the defendant, and the suit was commenced the same day the former one was discontinued. The defendant moved for a nonsuit which was denied, and he excepted.

The defendant was then sworn as a witness in his own behalf, and gave testimony upon the question whether he had extended the time for the performance of the agreement or had furnished the autographs to Ritchie after the six weeks had expired. The plaintiff was called on behalf of the defendant and testified that he did not own the plates mentioned in the agreement between Ritchie and the defendant. The chief justice charged the jury, submitting to them the question as to the alleged extension of the time for the performance of the agreement, and as to the neglect in furnishing the autographs. He also submitted to them the question whether the alleged assignment was a real transaction or a mere pretence, and instructed them that if upon either of

Vassear *against* Livingston.

these questions they found adversely to the plaintiff, they should render their verdict against him. The charge was not excepted to. Verdict for the plaintiff. The judgment was affirmed at the general term, whereupon the defendant appealed to this court.

The case was submitted on printed points.

*John Livingston*, in person, appellant.

*Bowman & Greene*, for the respondent.

*DENIO, J. The objections chiefly insisted on by the defendant proceed upon the assumption that his [*252 answer contained new matter constituting a counter claim, and if he is correct in this, he would be entitled to judgment on the pleadings, for the matters set up in the answer and which are not replied to, would, if admitted on the record, furnish a complete answer and an effectual bar to the cause of action set up in the complaint. But there is nothing in the nature of a counter claim stated in the answer. There was never any contract between the plaintiff and the defendant; and although the new matter was, if true, very pertinent to preclude the plaintiff from recovering on the demand assigned to him by Ritchie, it had no tendency to show an independent cause of action in favor of the defendant against the plaintiff. Section 150 of the Code of Procedure defines a counter claim. It must be a claim existing in favor of the defendant against the plaintiff, arising either out of the contract or transaction sued on or some other contract. Here the defendant had no claim against the plaintiff. If the facts were truly stated he had grounds for defending himself against the plaintiff's suit, but none whatever for an independent recovery against him. A counter claim must contain the substance necessary to sustain an action on behalf of the defendant against the plaintiff, if the plaintiff had not sued the defendant. It is quite obvious that nothing of that nature is stated in this

answer. Where there is no counter claim set up in the answer there is no necessity of a reply, and the failure to put one in is not an admission of anything stated in the answer. In such cases the answer is considered as put in issue as upon a replication denying all the statements of new matter contained in it. (*Code*, §§ 153, 168.)

An objection was made·to the examination of Ritchie as a witness without stating any grounds for the objection. It is now said that the notice of ten days mentioned in § 399 of the Code ought to have been given by \*the plaintiff. It is probably enough to say that no such objection was mentioned at the trial; and that we are to assume that the plaintiff would have shown that such a notice had been given if the objection had pointed out the want of it. The defendant did not, in the first instance, object to the admission of the witness, but after he had testified to certain facts connected with the assignment, he interposed the objection to his further examination. From this it is apparent that the objection was based upon the idea that the assignment was not, under the circumstances, sufficient to pass the title. But if the case enabled us to give a construction to the Code in the particular referred to, I should be of opinion, after a careful examination of the section, that a notice is not required where the defendant is himself a party to the contract sued on. It is only necessary where the defendant is sued as an assignee of the original contractor or as his executor or administrator. This I understand to be the plain meaning of the section. The restriction upon the right to examine an assignor only applies where the defendant is either an assignee or an executor or administrator. And in these cases the restriction is not universal. If the defendant's assignor is dead, the plaintiff's assignor cannot be examined at all ; and if he is living and can be produced, the assignor of the plaintiff cannot be examined unless the plaintiff shall have given the notice of the intended examination. If the

Vassear *against* Livingston.

defendant was a party to the contract and is defending in his own right, the provision respecting notice does not touch the case. The apparent reason of the provision favors this construction. If the defendant is sued on his own contract by an assignee of the other contracting party, he knows that the original owner of a demand is, like every body else who has any knowledge respecting the controversy a competent witness; and the defendant is moreover supposed to know all the facts of the case, and must take care *to be present and see that the cross-examination is properly conducted. But if he was a stranger to the [*254 original contract, he needs a notice and time to look up the original contractor as a witness to repel any untrue testimony he may suspect will be given against him by the original owner of the demand sued on. If the original contractor, whose rights the defendant represents, be dead, the statute assumes that injustice may be done by allowing the original contractor represented by the plaintiff to be sworn, and therefore it excludes him altogether; and so where the attendance of the original party though living, cannot be procured. I have taken examples from actions on contracts, but the same reasons hold good in the other class of actions. I have supposed the plaintiff's assignor to be the witness proposed to be examined, as was the case here; but if it was the defendant's assignor who was called in the first instance, the rule would be the same, *mutatis mutandis.* If I am right in these views, no notice was necessary in this case.

It is also objected that the transfer by Ritchie was a mere pretence and not a real transaction. The judge could not determine that this was so as matter of law. The assignment was obviously made to enable Ritchie to be a witness, as he frankly admits; but this does not show that it did not pass the interest which it purported to pass. It was very much such a transaction as used to be resorted to to enable an interested person to be a witness, where interest constituted an objection, and which was always sustained. Be-

fore this section was amended the assignor could not be sworn if he had parted with his interest to enable him to become a witness; but this was changed upon the last general revision of the Code, and the present plan was substituted. The defendant eventually had the benefit of his objection by the submission of the question upon the assignment to the jury, and he had also the advantage of being himself heard as a witness. I think that Ritchie was *255] *a competent witness, and I see no error in any of the decisions made upon the trial.

The judgment should be affirmed.

MARVIN, J. Upon the trial, previous to the introduction of evidence, the defendant moved that the complaint be dismissed on the ground that the answer contained material allegations of new matter, constituting a counter claim for $200, and as it had not been controverted by a reply, the allegations must, for the purposes of the action, be taken as true, and the plaintiff's claim being only $200, the defendant was entitled to a judgment upon the pleadings. This motion was denied, and the defendant excepted. This decision presents the most important question in the case, and I think the defendant has misapprehended the effect of the pleadings. Let us bring here under notice the provisions of the Code which, it is supposed, control the question. The answer is to contain: (1.) A general or specific denial of each material allegation of the complaint controverted by the defendant; (2.) A statement of any new matter constituting a defence or counter claim. (*Code*, § 149.) The counter claim must be one existing in favor of a defendant and against a plaintiff, between whom a several judgment may be had in the action, and arising out of one of the following causes of action: (1.) A cause of action arising out of the contract or transaction set forth in the complaint as the foundation of the plaintiff's claim or connected with the subject of the action; (2.) In an action

Vassear *against* Livingston.

arising on contract, any other cause of action arising on contract, and existing at the commencement of the action. (§ 150.) When the answer contains new matter, constituting a counter claim, the plaintiff may, within twenty days, reply to such new matter, denying generally or specifically each allegation controverted by him, &c. (§ 153.)

By § 168, every material allegation of new matter in the answer, constituting a counter claim, not controverted by *the reply, shall for the purposes of the action be taken as true. [*256

A good cause of action was set forth in the complaint, and the defendant, by his answer, put in issue the material allegations of the complaint. The new matters pleaded did not dispense with the necessity of trying the issues formed directly upon the complaint. The defendant did not and does not now claim that the new matter in the answer showed that the plaintiff had no cause of action, but he claimed that the new matter showed that he, the defendant, had a cause of action or counter claim against Ritchie, the assignor, in which his damages were equal to the damages claimed by the plaintiff, and that when these damages were set-off or recouped, they left the plaintiff without any right to damages, and that therefore his complaint should be dismissed. This position cannot be sustained. The new matter stated constituted in no sense a set-off. It constituted, if applicable to the case made by the complaint, that is, if it related to the same contract or employment stated in the complaint, a defence upon the ground of failure on the part of Ritchie to perform the agreement. A set-off could in no way arise out of such failure. Did the answer, in which the defendant proposed to recoup and set-off his damages, state facts authorizing a recoupment, or facts involving the doctrine of recoupment in any wise? Clearly not. The facts, assuming that the pleader intended them to apply to the cause of action stated in the complaint, did

not involve the doctrine of recoupment in any form. They showed a special agreement with Ritchie in relation to the engravings, and a failure on his part to perform the agreement, whereby the defendant alleges that he sustained damages. He had never received the engravings. If the facts stated were true, then he had a good cause of action against Ritchie for damages for a breach of the special agreement, but Ritchie had no cause of action against him. In short, the very facts which would give the defendant a *cause of action against Ritchie for damages for breach of the agreement, would show that Ritchie never had any cause of action against him, and there would be nothing out of which to recoup his damages.

*257]

Recoupment always implies that the plaintiff had a cause of action, but the defendant alleges that he too has a cause of action growing out of a breach of some other part of the contract upon which the action is founded, or for some other cause connected with the contract, and it is in the nature of a cross action. Under the former system of pleading the defendant could not make the defence by a special plea in bar, as it was a rule that such plea must state facts forming a bar to the action, whereas recoupment in its very nature admitted the plaintiff had a cause of action. (*Nichols* v. *Dusenbury* 2 *Comst.*, 284.)

The counter claim of the Code is undoubtedly broader and more comprehensive than set-off and recoupment. It authorizes a resort by the defendant, to causes of action by way of defence, other than set-off or recoupment. It has attempted, however, to limit and define the defendant's rights. It clearly authorizes set-off and recoupment, and I had no doubt they were authorized by the first Code, under the word defence, in the section relating to the answer. However that was, it is clear they are authorized by the amendments of 1852, and something more. By the second subdivision of § 150, in an action arising on contract, the defendant may avail himself by way of defence of any

other cause of action arising also on contract, and existing at the commencement of the action. It is not claimed by the defendant that this provision has any application to the present case. It is claimed that the plaintiff, as assignee of the demand, took it subject to all equities to any set-off or right of recoupment which the defendant had, and this claim is undoubtedly well founded. As we have seen, the defendant had no right of set-off, recoupment, or cause of action against this plaintiff, who by becoming assignee *did [*258 not subject himself to a cause of action existing against his assignor so as to have judgment against him for damages. If the provision of the Code just cited, should be construed as authorizing a defendant, when sued by an assignee in an action on contract, to avail himself of any other cause of action on contract against the assignor, so far as to satisfy or compensate the damages in the action by the assignee against him, it would not benefit the defendant in this case. Here the facts stated in the answer related to the same engagement or contract, upon which the plaintiff's action was founded, and if the plaintiff had a good cause of action the defendant had none. If the plaintiff, as the assignee of Ritchie, had no cause of action, then the defendant had no cause of action against Ritchie, which he could use against the plaintiff. In short, it was necessary to try the issue joined by the denial in the answer, and upon the trial of that issue all the rights of the defendant in this action could be protected. If Ritchie failed to perform his agreement the plaintiff could not recover, and the defendant then, if he had sustained damages by a breach of the agreement by Ritchie, could bring his action against him. The facts stated in the answer did not constitute a counter claim, and no reply was necessary to put them in issue. No error, therefore, was committed in refusing to dismiss the complaint.

Ritchie, the assignor, was sworn as a witness for the plaintiff. He was examined touching the transfer of the cause of action to the plaintiff. The counsel for the plaintiff then proposed to examine him on the other issues in the case. The counsel for the defendant thereupon objected that Ritchie should not be admitted to be examined on the part of the plaintiff, but he specified no ground of objection. The defendant is the appellant, and he must show error before he can ask to have the judgment reversed. If the case or exceptions are so settled that it is doubtful whether error was committed, the judgment ought not to be reversed. *In the present case it seems to me quite clear that the objection to Ritchie being examined to maintain the issues on the part of the plaintiff, was that he was still the owner of the demand, and that the action was prosecuted for his immediate benefit, and I think the court must have so understood the objection. Being of this opinion, I shall not consider the question now raised of the necessity of notice under the 399th section of the Code. The judgment should be affirmed.