## LATHROP V. GODFREY.

*Practice — exclusion of evidence on ground that answer constitutes no defense.
Counter-claim — in foreclosure action.*

While evidence may be excluded at the trial upon the ground that the answer
sets up no defense, even though plaintiff has not demurred to such answer
nor moved to strike it out as frivolous, yet it must be clearly apparent that no
evidence which could be properly admitted under the pleadings would tend
to establish any legal or equitable defense, and it cannot be excluded on
account of any informality or defect which could be cured by amendment.

In an action by L., as assignee of W., against B. and G., to foreclose a mortgage
given by B. to W. the payment of which had been assumed by G. who had
purchased the mortgaged premises, the answer of G. set up that W. was the
real owner of the mortgage, and the assignment to L. was collusive and to
prevent G. setting up a counter-claim; that G. had been induced to purchase
the premises and assume payment of the mortgage by the false and fraudu-
lent representations of W., and others who conspired with him, as to
their condition, and G. claimed to be entitled to deduct the damages result-
ing therefrom from plaintiff's recovery. *Held,* that the exclusion of evi-
dence on the ground that the answer stated no defense was error.

In case the facts alleged in the answer were established, G. could, at all events,
deduct the damages sustained from the recovery on her personal covenant,
if not from that upon the mortgage.

APPEAL by defendants, Godfrey, from judgment entered on
decision of the court at special term.

The action was brought by William G. Lathrop against Marie
Alice Godfrey and others to foreclose a mortgage. The facts fully
appear in the opinion.

*Godfrey & Gale* and *B. W. Huntington,* for appellants.

*S. B. Brownell,* for respondent, cited, on the question of counter-
claim, *Chamboret* v. *Cagney,* 2 Sweeney, 378; *Moffatt* v. *Van Doren,*
4 Bosw. 609; *Brown* v. *Buckingham,* 21 How. 190; *Gotler* v. *Bab-
cock,* 7 Abb. 392; *Lawrence* v. *Bank of Republic,* 35 N. Y. 320;
reversing S. C., 3 Robt. 142.

Present — DAVIS, P. J., BRADY and DANIELS, JJ.

DAVIS, P. J. This action was brought to foreclose a mortgage
executed by the defendants, Bramhall and wife, to one William G.

Lathrop, Jr., on the 11th of June, 1869, to secure $8,000, and alleged to have been assigned by the mortgagee to plaintiff on the 19th day of June, 1869. On or about the 10th day of December, 1870, the mortgaged premises were sold and conveyed, by the defendants, Bramhall and wife, to the defendant, Marie Alice Godfrey, who, by the terms of the sale and conveyance, assumed the payment of the mortgage in question as part of the purchase-money. In the answer of the appellants to the complaint they put in issue the alleged assignment by William G. Lathrop, Jr., to the plaintiff, and alleged that "the plaintiff is collusively the holder of the mortgage for the purpose of hindering the said Marie Alice Godfrey in the recoupment of damages claimed by her" as thereinafter set forth, and charged that the "plaintiff's holding of the mortgage is subject to the equities of the defendant Marie Alice Godfrey against the said William G. Lathrop, Jr., and the defendant Bramhall" as thereinafter set forth.

The defendants, after setting forth other matters, alleged in substance, that Charles A. Bramhall, as agent of Maria A. Bramhall, his wife (who was owner of the premises), and the said William G. Lathrop, Jr., conspired and confederated to deceive and defraud the said Marie Alice Godfrey, and, to induce her to purchase the said premises, falsely and fraudulently represented to her that the house was built in a good and workmanlike manner; that the cellar was a dry cellar; that the walls were dry walls and uncracked; and that the foundation walls were well and securely built, and the sewers and plumbing in complete order; that said Marie believed such representations to be true and trusted in them, and was induced by them to purchase the premises; that the contrary of each and every of such false and fraudulent representations was true; and that by reason of the fraud and falsity of such representations she was greatly injured, and by reason of the fraud and falsity of such representations, and by reason that said house was defective in each of the represented particulars," she was obliged to expend about $3,500 in repairs to make said house inhabitable with safety to life and health, and lost the use of said house to the value of $2,000 while such repairs were going on, which damages she claimed to have applied on said mortgage, and that judgment should only be given for the balance.

On the trial of the case the plaintiff produced the mortgage and an assignment thereof to him, and after proving the amount unpaid

with interest, rested. The defendants called a witness "and offered to prove the fact set up in the answer as the defense of the defendants, on the ground of the fraud alleged by the answer." The counsel for the plaintiff objected that the answer did not state any defense, and that the defense stated was entirely inapplicable to the defendants. The court excluded the evidence, saying: "I exclude the evidence as not being a defense, and that the answer does not state any defense." The defendants duly excepted. The court directed judgment of foreclosure and for deficiency, if any, against the defendant Bramhall and the defendant Marie Alice Godfrey.

The plaintiff did not demur to the answer nor move to strike it out as sham or frivolous; but suffered it to form an issue of fact which he brought on for trial at the special term. This was, in accordance with the course indicated by MULLIN, J., in his opinion in *Smith* v. *Countryman*, 30 N. Y. 655, 676, one competent for the plaintiff to pursue. But when that course is taken and in objection that the answer sets up no defense all evidence is excluded, it must be clearly apparent that no evidence which could be properly admitted under the pleadings would tend to establish any legal or equitable defense to the action. The evidence cannot be excluded on account of informalities in the answer, or any defect of pleading that could be cured by amendment on the trial, nor, I think, where the evidence being within the general scope and object of the answer, it would be in the power of the court to conform the pleading to the proofs under section 173 of the Code. When evidence under the answer would tend to establish a legal or equitable defense it should be received for consideration by the court or jury, because whether its tendency is sufficient to accomplish the purpose of the party is a question upon which he is entitled to the deliberation of the court or jury with the evidence before them.

The question then in this case is, whether the defendant could properly have been permitted, under the issues, to have proved any fact tending to establish a defense, partial or total, upon which he would be legally entitled to claim the consideration and judgment of the court. Under his pleadings he would have been entitled to show that the mortgage had not been assigned to plaintiff, but still remained legally or equitably the property of William G. Lathrop, Jr. ; that the assignment produced was collusive or colorable and that plaintiff was holding the mortgage collusively for the purpose of hindering the said Marie Alice Godfrey in the recoupment of her

damages; that the said William G. Lathrop, Jr., and the defend-
ant Bramhall conspired together to deceive and defraud Mrs. God-
frey and induce her, by false and fraudulent representations, to
purchase the premises, and assume the payment of the mortgage as
a personal liability, as part of the purchase price of the property;
that they (or either of them in pursuance of a conspiracy) made
the several alleged representations; that they were false and fraudu-
lent, and she relied upon them and was induced thereby to make
the purchase and assume the mortgage, and that she suffered the
alleged damages and the amount thereof; and of course all the
incidents and circumstances of the transaction tending to show
either of these things would be admissible in evidence. If the
court, on receiving the evidence, had found favorably to the defend-
ant, in respect to every fact it tended to prove, would there be any
defense against the mortgage or bond or personal covenant of Mrs.
Godfrey to pay the mortgage as part of the purchase-money? The
bond and mortgage would in that case be found to be the property
of William G. Lathrop, Jr., and that plaintiff held only a naked
legal title with no real interest, and the personal obligation of Mrs.
Godfrey would equitably be to the plaintiff, and any defense of
Mrs. Godfrey, which she could interpose, if William G. Lathrop,
Jr., were plaintiff on record, would be admissible against the
present plaintiff. It would be found also that William G. La-
throp, Jr., the equitable owner of the mortgage, had conspired with
the defendant Bramhall to commit the alleged fraud, and had
made the fraudulent representations which induced Mrs. Godfrey
to purchase, and that by means thereof had effected the sale to her
and obtained from her the covenant in the deed, which makes her
personally liable for the debt secured by the mortgage. The
amount of her damages by means of the fraud would also be found.

We think in such case, under the authorities, the damages could
be applied in this action toward the sum recoverable on the bond
and mortgage, or at all events upon the personal covenant of Mrs.
Godfrey, on which a judgment has been taken against her for any
deficiency. If William G. Lathrop, Jr., conspired, as is alleged, to
induce her to purchase the premises by false and fraudulent repre-
sentations and to induce her to assume and agree to pay his bond and
mortgage, he and his co-conspirators are all liable for the damages
she has sustained, and the frauds which entitle her to such damages
grew out of the transaction which connects her with the bond and

mortgage and entitles him to bring suit against her thereon. If he had sued her on the personal covenant at law, there seems to be doubt of her right, in such action, to recoup for her damages. *Vasseur* v. *Livingston*, 13 N. Y. 248 ; *Isham* v. *Davidson*, 52 id. 237 ; *Whitney* v. *Allaire*, 4 Den. 554, S. C., 1 N. Y. 305.

The right of a defendant in a foreclosure suit, who is personally liable for the debt, or whose land is bound by a lien, to introduce a set-off, to reduce or extinguish the claim, was recognized by COM-STOCK, J., in the case of *National Fire Ins. Co.* v. *McKay*, 21 N. Y. 191 ; and see *Hunt* v. *Chapman* ·51 id. 555.

The plaintiff did not in his complaint demand a personal judgment against Mrs. Godfrey, but having taken one on sufficient proof, in his judgment, he is not at liberty to assert that he was pursuing no personal remedy against her. We think the learned justice erred in his ruling, rejecting all evidence under the answer, on the ground assigned by him.

The judgment is reversed and a new trial ordered, costs to abide event.

<div align="center">

*Judgment reversed and new trial ordered.*