NEAL & JOHNSTON *v.* WILLIAM LEA and others.

The defence of *set-off* as heretofore administered in the State has, by the C. C. P., been merged in that of *counterclaim*, the effect of which, in one respect, is, that a defendant is not allowed to off-set the claim of a plaintiff as assignee of a note past due when assigned, by showing that the assignor was indebted to such defendant at the time of the assignment; unless such counterclaim had *attached itself to the note* before the assignment, *ex. gr.* by an agreement that it should be applied thereto, or otherwise.

(*Haywood* v. *McNair*, 2 D. & B. 283; *Wharton* v. *Hopkins*, 11 Ire. 505; *McConnaughey* v. *Chambers, ante,* 284, approved.)

CIVIL ACTION, tried before *Tourgee, J.,* at Spring Term 1870 of CASWELL Court.

The cause of action was the non-payment of a note due September 13, 1868 by the defendants to one Williamson, and by the latter endorsed for value, February 24, 1869, to the plaintiffs. The defendants set up as a counterclaim, certain notes given by Williamson to third persons in 1866 and 1868, and endorsed for value by the payees to the defendant Lea, February 9th and 22d 1869, and by Lea assigned to the defendants after they had received notice of the assignment of the note sued upon, by Williamson to the plaintiffs.

His Honor was of opinion that these notes constituted a valid counterclaim.

Verdict and Judgment accordingly. The plaintiffs appealed.

*Hill,* for the appellants.
*Graham, contra.*

PEARSON, C. J. By C. C. P., sec. 101, the plea of set-off is merged in the defence of counterclaim. By paragraph 2, the counterclaim, in an action on contract, embraces not only

matter that under the old practice was pleaded as a set-off, but every other cause of action arising out of contract, whether legal or equitable, between the plaintiff and defendant; where there are more than one plaintiff or defendant, it is further extended so that not only mutual debts between the plaintiffs and defendants, but every claim by the defendants, or any one of them, against the plaintiffs, or any one of them, between whom a several judgment might be had in the action, is embraced.

Our question is, does this section of the Code further extend the doctrine, so that in an action on a note assigned after maturity, besides a counterclaim against the plaintiffs or any one of them, the defendants or any one of them is entitled to set up a claim either legal or equitable, held at the commencement of the action against the assignor or assignors, where there have been two or more assignments? It seems clear that he is so entitled, where the claim of the defendant had *attached itself* to the note in the hands of the assignor, for instance a payment made to him not entered on the note, or a claim which the assignor had agreed should be taken in satisfaction: for the note being past due is notice of all equities, and the assignee is not allowed to enable the assignor to commit a fraud, and, on that ground, is construed into a trustee for the defendant. But, if the claim had not attached itself to the note, and there was no understanding that the one debt should be applied to the other, it was no fraud on the part of the assignor to dispose of the note, and it is difficult to see any principle on which the assignee can be treated as a trustee.

As is said in *McConnaughey* v. *Chambers, ante,* 284: "In the absence of an agreement between the parties that the one debt should be applied to the discharge of the other, we can see no principle of law upon which the Court can make the application *to the prejudice of third persons, &c.,* "each

party had the control of his own debt, and neither had a lien, either in law or equity, which prevented the other from making an assignment for an honest purpose in the exercise of the right to prefer creditors."

In our case, Lea, one of the defendants, a few days before the assignment bought a note upon the assignor. The assignment is made without notice of this fact on the part of the assignor, much less any understanding in regard to it. The assignment to the plaintiff was made in satisfaction of a debt, in the exercise of the right to prefer creditors, so there is nothing to affect the conscience of the assignor or of the assignee. Under the statute of set-off, the rule adopted by the Courts in England allowed only mutual claims that had attached to the note while in the hands of the assignor, to be set-off against the assignee: *Borough* v. *Moss*, 10 B. & C. 558, (21 E. C. L. 128.) In this State the doctrine was carried further, and included any demand, although collateral and unattached to the note, as a set-off. So the defendant had a right to set-off a mutual demand against the plaintiff at the commencement of the action, and also a collateral demand against the assignor at the date of the assignment: *Haywood* v. *McNair*, 2 D. & B. 283. The Court admit this to be a departure from principle and also from the words of the statute, and the rule is adopted on the ground that such was considered by the profession to be the rule, and it had been acted upon in the Circuit Courts. Such is assumed to be the rule in *Wharton* v. *Hopkins*, 11 Ire. 505. An exception is made where the assignor had also an account against the defendant of equal amount, and it was not against conscience for him to dispose of the note.

So, before the change made by the Code of Civil Procedure that was the rule.

It remains to consider whether, after this change, the rule is not restricted to claims *against the plaintiff*, including

equities that had attached to the note at the time of the assignment. This is the result of a proper construction of the Code: "The counterclaim must be one existing in favor of a defendant against a plaintiff." Here are positive words restricting the rule to claims between plaintiff and defendant, and there is no ground upon which to explain them away, and let in a collateral claim against the assignor, without adding important words to this section.

Again, by paragraph 2, all claims are let in "existing at the commencement of the action." So, this will not fit. It reaches over: for by the rule as before held, the set-off must be a claim against the assignor *existing at the time of the assignment.* If such collateral claims are let in, the rule must extend by the words of this section, to the time of commencing the action, and take in all notes on the assignor that the debtor may be able to buy up, as well as all notes against the assignee, provided they are bought before the commencement of the action: thus putting it in the power of the debtor to select such of the creditors of the assignor as he (the debtor) may choose to prefer, and taking from the creditor the right of preference. This must be so unless we add to the statute: "and any claim against the assignor of a note past due, existing at the date of the assignment."

The New York Code is worded as ours in this particular; the Court decided to exclude collateral demands against the assignor: but as it was *divided,* a statute was passed allowing all such collateral demands, as a counterclaim. Whether our General Assembly will deem it wise to enact a like statute is not a matter for the Courts. We must be governed by the Code of Civil Procedure until such a statute be passed. The necessity for a statute in New York tends to confirm our conclusion.

We have considered the case as if Lea was the holder of

·the note. The assignment by him to his co-defendants after the note sued on had been assigned to plaintiffs, does not .affect the question. There is error.

PER CURIAM.                                    *Venire de novo.*