GEORGE B. HARRIS *v.* BURWELL & PARHAM.

*after maturity*

A note transferred by successive endorsements to different persons, is subject to any set-off or other defence which the maker had against any one or all of the assignees at the date of the assignment, or *before notice thereof*.

*Neal* v. *Lea,* 64 N. C. 678, cited and overruled.

This was a money demand tried upon a case agreed before *Watts, J.* at Spring Term, 1871, of Granville Superior Court.

The facts are that on the 4th September, 1866, the defendants being partners in trade, executed in the partnership name of Burwell & Parham their promissory note for $1,213.51, payable on the 25th December following to P. R. Merryman. On the 1st December, 1866, the payee for value endorsed said note to one T. C. Hughes. At the time of said endorsement the defendants had paid Merryman $329 ; also $83.50 to be credited on said note as of the date of its maturity.

On the 20th of January, 1867, the defendants paid Hughes on said note, $280.

At the time of the transfer of said note by Merryman to Hughes, the latter was indebted to the defendants in a sum which added to the sum of $280, exceeded the balance due upon said note, but the plaintiff had no express notice of said indebtedness except for the sum of $334.96, which was due by notes executed and due 1st November, 1861.

On the 7th May, 1867, Hughes endorsed and transferred the note to the plaintiff for value.

His Honor upon consideration of the foregoing facts, being of opinion that the demands which the defendants held on Hughes were not *sets off* against the plaintiff's demand, rendered judgment for plaintiff for $636.31, from which judgment the defendants appealed.

*Bragg & Strong*, and *Young*, for appellants.
*Rogers & Batchelor*, contra.

PEARSON, C. J. The case presents the question, whether a note assigned after maturity, is subject in the hands of the assignee to any set-off or other defence existing at the time of the assignment, against the assignor.

In *Neal* v. *Lea*, 64 N. C., 678, it is held, that by the proper construction of C. C. P., sec. 101, no collateral demand against the assignor can be set up against the assignee, and "that to make it available, the demand must have attached itself to the note in the hands of the assignor ; for instance, a payment

made to him not entered on the note, or a claim, which the assignor had agreed should be taken in satisfaction;" and for reasons therein set forth, this Court adopts the principle of *Borough* v. *Moss*, 10 B. & C., 558, (21 E. C. L. 128,) which had been departed from, by *Haywood* v. *McNair*, 2 D. & B., 283.

Section 55, C. C. P., was not called to the attention of the Court upon the argument or the consideration of *Neal* v. *Lea*, and was cited for the first time, upon the argument of this case, at the last term ; we find that section has a most important bearing upon the question, and is expressed in words so plain and direct, as to control the construction of section 101—for it abrogates the principle of the common law, that a chose in action cannot be assigned—confers an unlimited right to assign " anything in action," arising out of contract, and subjects the assignee to any set-off or *other defence*, existing at the time of, or *before notice of the assignment*. The only saving, being in regard to " negotiable promissory notes and bills of exchange, transferred in good faith, and upon good consideration before due." This language is as broad as it can well be ; so that a note assigned after it is due, a half dozen times, will be subject to any set-off or *other defence* that the maker had against any one or all of the assignees at the date of the assignment, or *before notice thereof*. The effect will be to put a very effectual check to the trading of notes after maturity, and to put it in the power of debtors to buy up claims against their creditors and take the control entirely in their own hands—whether this be good or bad policy is a matter, with which the Courts have no concern—" it is ours," to expound the law, not to make it, and although not very pleasant, it is our duty to correct any misapprehension, into which we fall, and to do so in plain and direct terms, and as soon as may be, after becoming satisfied of the error, in order to avoid the inconvenience that might otherwise result. *Neal* v. *Lea* is overruled. It may seem strange that upon the argument of *Neal* v. *Lea*, the 55th sec. C. C. P.,

should have been overlooked, both by the learned counsel of the defendant, Mr. Graham, and by the Justices of the Court, but so it was. This may be accounted for by the fact, that the C. C. P., which makes an entire revolution in the mode of procedure, was then new to the profession, and by the fact that this important change not only in the mode of procedure, but in regard to a settled principle of the common law is inserted under title V, "*parties* to civil actions," and is in no wise referred to, but on the contrary, the existence of such a provision is seemingly excluded by sections 100, 101, chap. 3, Title VIII—"Pleadings in civil actions."

So we feel justified in putting the blame upon the hasty manner in which the C. C. P. was gotten up, under a necessity imposed by the Constitution, and the members of the Court think themselves fortunate in being able to say, that amid all of the "*new points*" made by so entire a change as that effected by the Constitution and by the C. C. P., and all of the "new points" growing out of the results of the late war—financial difficulty and constitutional questions—this is, so far, the only instance in which the Court has had occasion to retrace its steps; which is to be ascribed to the fact that we have felt our way cautiously, and have at all times required from the bar full argument for our assistance.

The judgment in the Superior Court is reversed, and upon the case agreed, judgment that defendants "go without day and recover costs."

PER CURIAM.                    Judgment reversed.

NOTE.—The same principles decided in this case were enunciated by the Court at this Term in the case of *Chandler* v. *Hunt*, from Caswell County. Attorney General, for plaintiff. Bailey and Hill, for defendants.