## HALL vs. DOYLE.

1. APPEALS FROM JUSTICE OF THE PEACE: *Tried de novo: Amendments, etc.*
   Appeals from justices' courts are tried in the circuit court *de novo*, on the merits. Amendments and new issues may be there made; and an answer may be there filed after default in the justice's court.

2. EXECUTION SALES: *In criminal cases, cash.*
   Sales under executions for fine and cost in criminal cases, are for cash. The credit of three months is given only where the right of stay is given and not exercised. This right is given only in civil cases.

3. FINE AND COST: *Not discharged by imprisonment, in petit larceny.*
   Imprisonment for the fine and costs in petit larceny does not discharge them. They may still be collected by execution out of the defendant's property.

4. COST IN CRIMINAL CASES: *Fees of prosecuting attorney and witnesses.*
   The fees of the prosecuting attorney and of defendant's' witnesses in a criminal case, are payable out of his property, and should be included in the judgment against him in favor of the state.

5. EXECUTION: *Not void for omission of credits on.*
   That an execution is not properly indorsed, and proper credits are not made, will not render it void in a collateral proceeding.

6. WITNESS: *Petit larceny disqualifies.*
   A conviction for petit larceny disqualifies the defendant as a witness.

APPEAL from *Sebastian* Circuit Court.

Hon. J. H. ROGERS, Circuit Judge.

*Newton,* for appellant.

EAKIN, J. This is an action of replevin, begun before a justice of the peace, to recover a mare and colt, valued at $40.

The plaintiff had previously been indicted by the grand jury of the district, for the offense of larceny, in stealing

property which, as shown by the indictment, was over the value of two dollars.    The verdict on trial was as follows:

" We, the jury, find the defendant guilty, and assess his punishment at imprisonment in the county jail for the period of five days, and at a fine of five dollars."

Judgment, for the imprisonment, was accordingly entered; and also, in favor of the state, for said fine and costs.   It was further ordered, on default of payment of the same, after the term of imprisonment had expired, that the defendant should be put to labor on some public improvements in the county, or be hired out, at the minimum rate of seventy-five cents per day, until the fine and costs be paid; or, in default of such labor or hiring, he be imprisoned at the rate of two dollars per day, for a time sufficient to discharge them.   He was actually imprisoned eleven days.

An execution was also issued for the full amount of the fine, state tax, and costs, some of which had been paid, others remitted, and others claimed to have been excessive. The defendant filed a schedule of personal property, as exempt, including the mare and colt.   This was disregarded, the execution levied, due notice of sale given, and the property sold for cash.   Defendant Doyle was the purchaser.

This action was brought to recover it.   There was an order of delivery, but no bond, and the order was merely served on defendant, leaving him in possession.   He made default before the justice, who, nevertheless, proceeded to hear evidence and give judgment against the plaintiff for costs.   He appealed, and the defendant appeared in the circuit court and pleaded in general that he did not unlawfully detain; and, second, that he had purchased the prop-

erty under an execution issued upon a judgment against the plaintiff.

The court refused to strike out this answer, and the parties went to trial, upon which the foregoing facts were shown.

The court, in the course of the trial, refused to admit the testimony of the plaintiff, on the ground of said conviction; and also to admit proof of the filing of the schedule.

Plaintiff moved the court to instruct the jury to find for him, if they should believe—

1. That the sheriff, under the execution, sold the property for cash.

2. That, after the term of imprisonment fixed for his punishment had been served out, he had been further committed to jail in default of payment of fine and costs, that amounting to satisfaction.

3. That the prosecuting attorney's fee of ten dollars, and the costs made by himself as defendant, had been included in the execution as costs of the state.

4. That said execution was not indorsed as provided by law.

5. That all due and proper credits had not been given on the execution.

6. That said execution was not substantially in accordance with the judgment, in this, " as to the costs of the state of Arkansas, that said state would have to pay, had defendant failed to pay the same."

The seventh regarded the mode of valuing the property and estimating damages.

All these the court refused, and, of its own motion, instructed the jury to find for the defendant if they found he had bought the property at a sale under an execution which had not expired, issued upon a judgment against

Hall vs. Doyle.

the plaintiff, unreversed and unsatisfied when the sale was made; otherwise, to find for the plaintiff, with the value of the property and damages at 6 per cent.

There was a verdict for defendant, and judgment accordingly. Plaintiff moved for a new trial because, first, the court had refused to strike out defendant's answer; second, the court had refused the instructions of plaintiff; and, third, had given erroneous instructions of its own motion, and had refused to allow the plaintiff to give evidence.

1. APPEALS FROM J. P.: Tried *de novo*: Amendments, etc.    Upon appeals from justices of the peace, cases are tried *de novo* upon the merits. The court does not take jurisdiction simply to correct errors and affirm or reverse. It may permit amendments or allow new issues to be made touching the subject-matter in controversy below. It was not error to allow an answer to be filed after default below, and *a fortiori* it did not avoid the judgment rendered in the case.

2. EXECUTION SALES: In criminal cases, cash.    The sale for cash was proper. The credit of three months is only to be given where the right of stay exists and is not exercised. This right is given only in civil cases, and has no application to criminal proceedings. (*Gantt's Digest, secs. 2654 and 2685.*) These sections were taken from that portion of the Code regulating proceedings in civil actions.

3. FINE AND COST: Not discharged by imprisonment in petit larceny.    The imprisonment did not discharge the fine, which might still be collected by execution. (*Gantt's Digest, sec. 2009.*) The costs were put in like attitude by act of March 24, 1875 (*p. 270 Pamph. Acts*), and, by fair construction of the act, the same rule applies to them.

4. COST IN CRIMINAL CASES: Witness and prosecuting attorney's fees.    The costs of the prosecuting attorney and of the defendant's own witnesses in the criminal proceedings, were payable properly out of the defendant's property. To aid officers and witnesses in their collection, and to save the

Hall vs. Doyle.

county, which is a part of the state organization, from ultimate liability for such of them as it might be compelled to pay, it has been the common practice of the courts to include them all in the costs adjudged for the state. This practice we approve, although it would be more formal that the judgment should clearly express it. Prosecuting attorneys and witnesses are compelled to render their services, with a view to the good of the community and the peace of the state, in criminal prosecutions, and it is fit and proper for the state to afford them this immediate and most effectual remedy against loss.

The execution was, substantially, in pursuance of the judgment. No irregularity or omission as to the indorsement would avoid it. That proper credits had not been made, was, at most, an irregularity for which an easy mode of correction was provided by statute, in the court, or before the judge. It would not render the execution void in a collateral proceeding.

5. EXECUTION: Not void for omission of credits on.

The instructions given by the court are complained of only as to the rule for measuring damages. This required some qualification, we think, to be entirely correct, as it would not apply to the detention of such property as had a value in the use; but that point loses all importance, as the jury finding for the defendant had no occasion to act upon the instruction.

The plaintiff was not a competent witness. He was disqualified by conviction for larceny. (*Gantt's Digest, sec. 2482*). Although we must infer from the verdict and judgment that he was convicted of petit larceny, it is still larceny, and the statute makes no distinction in this respect.

6. WITNESS: Petit larceny disqualifies.

The court did not err in overruling the motion for a new trial; and this is all we are called upon to consider.