JOHN C. DOUGLASS v. HENRY EASTER, *et al.*

PRACTICE—*Trespass.* A defendant who appeals from the judgment of a justice of the peace in an action in the nature of trespass *quare clausum fregit*, may offer evidence in the district court that the title of the land is in dispute although no answer was filed by him before the justice, nor any evidence offered by him before the justice upon the question of the title.

*Error from Leavenworth District Court.*

THE opinion states the case. Trial at the April Term, 1883. After the plaintiff *Douglass* had introduced his evidence, and the defendants, *Henry Easter* and *Oscar Harris*, their evidence, the court discharged the jury and dismissed the case because

the title to real estate was in dispute, and held that as a justice of the peace cannot try title to real estate, the case cannot be tried in the district court on appeal. The plaintiff brings the cause to this court.

*H. B. Thomas,* for plaintiff in error.

*Lucien Baker,* for defendants in error.

The opinion of the court was delivered by

HORTON, C. J.: This action was commenced by the plaintiff against the defendants before a justice of the peace of Leavenworth city, to recover one hundred dollars damages for the malicious breaking into and taking possession of a house which the plaintiff, in his bill of particulars, averred was at the time of the alleged trespass in his actual possession. The plaintiff had judgment before the justice, and the case was appealed to the district court by the defendants. After the plaintiff's and defendants' evidence was introduced upon the trial, the court discharged the jury and dismissed the case because the title to real estate was in dispute, and held that as a justice could not try title to real estate, the case could not be tried in the district court upon appeal.

The defendants were not required to file any answer before the justice of the peace, and without an answer they had the right to introduce evidence before the justice to sustain any defense they had. (*Stanley v. Farmers' Bank,* 17 Kas. 592.) If it had appeared to the satisfaction of the justice, upon the trial before him, that the title of land was in dispute in the action, he should have certified the case to the district court of his county, and thereafter the case would have proceeded in the district court as if originally commenced there. (Comp. Laws of 1879, ch. 81, § 7.) There is nothing, however, in the action tending to show that the title or boundaries of land was in dispute before the justice. Indeed, it does not appear from the record that the defendants offered any evidence before the justice of the peace. The justice therefore had jurisdiction to try the case, and the defendants had the right to appeal

32—32 KAS.

from the judgment of the justice of the peace to the district court. The court then had full jurisdiction to hear and determine the case before it. Without filing new pleadings, the defendants were authorized to prove any defense they might have proved before the justice, or that they had the right to present to the justice for action by him. Before the justice they had the right to introduce evidence to satisfy him that the title to the land was in dispute. If this had been done, he would have certified the case to the district court. That this evidence was not offered before the justice of the peace, did not prevent the defendants from offering the same in the district court.

Originally the statute provided that if in any action commenced before a justice it appeared to the satisfaction of the justice that the title of land was in dispute, he was required to dismiss the same without prejudice to a future action. (Gen. Stat. 1868, ch. 81, § 7.) By the amendment of § 2, ch. 88, Laws of 1870, (§ 7, ch. 81, Comp. Laws of 1879,) instead of an action commenced before a justice which involved the title of land being dismissed, the justice is required to certify it for trial to the district court as if originally commenced in that court. The statute was evidently amended to prevent cases from being dismissed simply because the title or boundaries of land was brought into dispute. If possible, the purpose of the statute should be carried out through all the proceedings of the action, if properly instituted in the first instance. This case was not certified up, but taken up on appeal. The district court, having jurisdiction of the case by appeal, committed error in dismissing the same.

We are referred to *Wagstaff v. Challiss*, 31 Kas. 212, as sustaining the proposition, that as the justice could not try title to real estate, the ruling of the district court was proper in dismissing the case. In the case of *Wagstaff v. Challiss*, a set-off, amounting to nearly $3,000, was presented to the district court by Wagstaff, against the bill of particulars of Challiss, filed before a justice of the peace, to recover $300 upon an account. When the defendant offered to prove this set-off, the

appellate court refused to permit him to do so, and we held this ruling was correct. Under the statute, the justice had no jurisdiction to adjudicate this set-off of $3,000, nor to certify it for trial to the district court; therefore the justice of the peace, in that case, was without jurisdiction to act upon the set-off in any manner whatever.

In the case at bar, the statute gives express authority for the justice, in the event the title of land is in dispute, to certify the same to the district court for trial; and if it does not appear before the justice that the title is in dispute, the justice proceeds to hear and try the case, and then it may go to the district court upon appeal. When, therefore, a case like this reaches the district court by appeal, or certification, that court has full power to try it, even if title to land is in dispute. Any other ruling would work great hardship; and the disposition of this case in the district court is a strong illustration of what might occur if that court had no jurisdiction to hear and try an action brought to it upon appeal, when for the first time in that court, the title of land is disputed.

The order and judgment of the district court will be reversed, and the cause remanded for a new trial according to the views herein expressed.

All the Justices concurring.