## The Denver, Memphis & Atlantic Railway Company v. Henry Cowgill.

1. Record — *Two Interpretations, Which Adopted.* Where the record of a case brought to the supreme court fairly admits of two interpretations, that one which will sustain the ruling of the trial court will be adopted in preference to an interpretation which would overthrow such ruling.

2. Insufficient Cattle-Guards — *Action — Defense, Error in Excluding.* An action was begun before a justice of the peace against the railway company to recover damages alleged to have been caused by the failure of the company to construct and maintain proper cattle-guards where its road enters and leaves the plaintiff's inclosure. The case was removed to the district court, where it was tried upon the plaintiff's bill of particulars. No pleading was filed by the company in either the justice's or the district court, and none was demanded

or ordered. At the final trial the company offered to prove that when the injury happened it had not constructed, did not own, and was not operating the railroad which passed through the plaintiff's land. This offer was refused. *Held*, Error. Although no pleading was filed by the company, it was entitled to introduce evidence in support of any defense which it had. (*German v. Ritchie*, 9 Kas. 106.)

*Error from Chautauqua District Court.*

THE case is stated in the opinion. Judgment for the plaintiff, *Cowgill*, at the February term, 1888. The *Company* comes here.

*J. H. Richards*, and *C. E. Benton*, for plaintiff in error.

*J. D. McBrian & Son*, and *Dan. M. Pile*, for defendant in error.

The opinion of the court was delivered by

JOHNSTON, J.: This action was brought by Henry Cowgill against the Denver, Memphis & Atlantic Railway Company, to recover damages alleged to have been caused by the failure of the railway company to construct and maintain proper cattle-guards at the points where its road enters and leaves his inclosure. The cause was instituted and tried before a justice of the peace; was removed from there to the district court upon petition in error, where it was finally tried on its merits, and a judgment given in favor of Cowgill for $30. No new pleadings were filed in the district court, and the railway company alleges that Cowgill was permitted to prove and recover damages done to his grass and pasture, and that such damages were not named or claimed in his bill of particulars. The record contains two copies of the bill of particulars, in one of which damages are alleged and claimed for grass that was destroyed, and in the other it is not mentioned. The omission in the one may have been an error in transcribing, or possibly the bill of particulars may have been amended in the district court so as to include damages for the grass that was consumed. At any rate, proof of injury to the grass was admissible under one copy of the bill of particulars found

in the record; and where the record admits of an interpretation which will sustain the ruling of the district court, that interpretation should be given to it.

Another and more serious objection to the judgment is a want of proof that the defendant company constructed, owned or operated the railroad which passed through Cowgill's farm; and further, that the defendant company was not permitted to show that the road was constructed, owned, and operated by other companies during the time when the injury complained of occurred. The company offered to show that the road in question was constructed, owned, and operated by the Fitzgerald & Mallory Construction Company up to February 15, 1887, and that since that time it has been owned and operated by the Missouri Pacific Railway Company; and further, that the Fitzgerald & Mallory Construction Company, as well as the Missouri Pacific Railway Company, were each distinct and separate companies from the Denver, Memphis & Atlantic Railway Company. This testimony was excluded on the ground that it was incompetent and inadmissible under the pleadings. It should have been admitted. If the defendant company had not constructed, and did not own or operate the road when the injuries were inflicted, it cannot be held liable for them. It cannot be held responsible for damages occasioned by any other company upon a railroad with which it had no connection; and if there was any proof offered by plaintiff below which would make the company liable, then the offer of testimony by the company was both competent and material. No objection was made to the competency of the witness. The only objection was that the testimony was incompetent and inadmissible under the pleadings. There was but a single pleading in the case, and that was the bill of particulars of Cowgill. No pleading of any kind was filed by the company, either before the justice of the peace or in the district court, and there was no demand or order that one be filed. That being the case, it was proper for the company to introduce evidence in support of any defense which it might have. (*German v. Ritchie*, 9 Kas. 106.)

The only allegation in the plaintiff's bill of particulars which stood admitted for want of a verified denial, was the existence of the defendant as a railway corporation. All other allegations in regard to the relation of the defendant to the road in question, and as to whether it had in any manner occasioned the damages, were open to be established or controverted by the testimony of the parties. It may be, as claimed, that the witness offered would not have sustained this defense; but, there being no objection to his competency, the company was entitled to examine him upon the questions suggested and to an opportunity to establish this defense, which was the only one offered by it. The company, however, cannot escape liability for damages occasioned by the Fitzgerald & Mallory Construction Company if that company was a mere construction company, and was building and operating the road as the agent of the defendant railway company, nor will it avoid liability if, after constructing its road, it leased the same to the Missouri Pacific, or some other railway company. (*Rly. Co. v. Curl*, 28 Kas. 622; *Rly. Co. v. Morrow*, 32 id. 217.) Neither would the fact that the Missouri Pacific, or some other railway company, had purchased the stock, or a majority of the shares of stock of the Denver, Memphis & Atlantic Railway Company, relieve the latter from the duty of maintaining proper cattle-guards on the road, or prevent a recovery against the defendant for the damages sustained by reason of the omission of such duty. The company, however, was entitled to make its defense, although no pleading was filed by it; and the ruling of the court in excluding the evidence to sustain such defense was material error.

The judgment will be reversed, and the cause remanded for a new trial.

All the Justices concurring.