JOHNSON v. ACME HARVESTING MACH. CO.

No. 68.　　Opinion Filed July 13, 1909.

(103 Pac. 638.)

1. **BILLS AND NOTES—Assignment—Counterclaim...** A subsequent holder and owner of a non-negotiable promissory note is not liable to the maker thereof for damages sustained as the result of an independent and separate contract between the original payee and maker of such note, where such liability had in no way become attached to the note while the same was yet in the hands of the original payee.

2. **SET-OFF AND COUNTERCLAIM—Test of Validity.** The validity of a counterclaim is to be determined by the inquiry whether or not the substance of the facts stated would constitute a cause of action on behalf of the defendant against the plaintiff, if the plaintiff had not sued the defendant.

3. **JUSTICES OF THE PEACE—Answer—Effect.** Although in justice court practice the defendant is not required to file an answer, if he does so it will limit the issues as under the ordinary rules of pleading.

(Syllabus by the Court.)

*Error from District Court, Payne County; L. M. Poe, Judge.*

Action by the Acme Harvesting Machine Company against E. N. Johnson. Judgment for plaintiff, and defendant brings error. Affirmed.

*George P. Uhl,* for plaintiff in error.

*C. L. Burdick* and *J. W. Reece,* for defendant in error, citing: *Royal Fraternal Union v. Crosier,* 70 Kan. 85; *Sheldon v. Middleton,* 10 Iowa, 17.

DUNN, J. The Acme Harvesting Machine Company on the 12th day of January, 1907, filed its bill of particulars in the probate court of Payne county, against E. N. Johnson, praying judgment on the following note:

"$20.00.　Stillwater, Aug. 26, 1904.　On or before the 1st day of October, 1905, for value received, I promise to pay to the Acme Harvester Company (terminal station) Peoria, Illinois, at

Stillwater, the sum of twenty dollars, with interest until paid at 6 per
cent. from date until due, ten per cent. per annum thereafter until
paid. It is expressly agreed that the title to the Acme mower machine
for which this note is given shall not pass from the Acme Harvester
Company until this note and all other notes given for the pur-
chase price of said machine shall be paid in full. If default is
made in the payment of any note or the machine is levied upon, or
undersigned attempts to sell or remove same, then said company
may declare all notes due, take possession of said machine and sell it
at public auction or private sale. In consideration of the use of
said machine, I agree to pay any balance remaining unpaid after
proceeds are applied. The indorsers, sureties and guarantors sev-
erally waive presentment for payment, protest, notice or nonpay-
ment and diligence and agree that the time of payment may be
extended without affecting their liability. E. N. Johnson."

To this bill of particulars the defendant filed an answer, in
which no denial of the execution and delivery of the note in suit
is contained and no denial of full consideration therefor, but
which set up in effect that the defendant executed a note of this
character to the Acme Harvester Company, and that on or about
the same time he executed three other notes to the same concern,
aggregating the sum of $235, that the note in suit was one of two
notes given for a mowing machine, and the three notes referred
to were given for a combined binder and header, which was sold
defendant under a guaranty that it was well made and would do
good work. He further set up that the machine was a complete
tfailure and was worthless, and that he had been damaged by
virtue of the false representations under which it was sold to him
in the sum of $190. This damage defendant set up in his answer
and prayed judgment for such sum as the court could under its
jurisdiction award, over and above the note here in suit. No
averments whatsoever of any deficiency in reference to the mower
for which the note in suit was given were made. The action
was begun under justice of the peace procedure. The probate
court struck out defendant's counterclaim and rendered judgment
against him. On appeal to the district court the same procedure

took place. From this judgment the cause was appealed by proceedings in error to this court for review.

The sufficiency of the case-made to present the errors complained of is assailed by counsel for defendant in error, and, while there may be some doubt on this point, we pass it by to consider the case upon its merits.

It is contended here, in the brief of counsel for plaintiff in error, that the plaintiff, the Acme Harvesting Machine Company, and the original payee of the note, the Acme Harvester Company, are one and the same concern. The pleading, however, filed by counsel, is not sufficient to raise this question. Section 3, art. 7, c. 28, p. 328, Sess. Laws 1905, provides that:

"The counterclaim mentioned in the last section must be one existing in favor of a defendant and against a plaintiff, between whom a several judgment might be had in the action, and arising out of the contract or transaction set forth in the petition as the foundation of the plaintiff's claim or connected with the subject of the action. The right to relief concerning the subject of the action mentioned in the same section must be a right to relief necessarily or properly involved in the action for a complete determination thereof, or settlement of the question involved therein."

Mr. Nash, in his work on Pleading, Practice and Forms (volume 1, § 306), said:

"The validity of a counterclaim is to be determined by the inquiry whether or not the substance of the facts stated would constitute a cause of action on behalf of the defendant against the plaintiff, if the plaintiff had not sued the defendant. In other words, the statement of a counterclaim is a petition by the defendant against the plaintiff, and must contain facts which constitute a cause of action. If it does not, a demurrer will lie to it. *Vassear v. Livingston,* 13 N. Y. 248; *Vasseur v. Livingston,* 4 Duer (N. Y.) 285."

It will be observed from the facts stated that the defendant never at any time had any dealings with the plaintiff in this action. Hence, under the rule as laid down by our statute, and elucidated by the authority just cited, no counterclaim which defendant might have had against the payee of the note could be

set up against its subsequent holder. This question was squarely passed upon by the Supreme Court of North Carolina in the case · of *Neal v. Lea,* 64 N. C. 678. This case is approvingly cited by Mr. Waterman, in his work on Set-Off and Counterclaim (section 602), wherein he says:

"In North Carolina, in an action on a note made by the defendant to one W., and by him indorsed for value when overdue to the plaintiff, it was held that the defendant could not set up, by way of counterclaim, an indebtedness of the assignor to such defendant at the time of the assignment, unless such counterclaim had attached itself to the note in the hands of the assignor previous to the assignment; for instance, a payment made to him not entered on the note, or a claim which the assignor had agreed should be taken in satisfaction."

Under the foregoing authorities it appears to us that defendant cannot avail himself in this action of the counterclaim or defense, if such it may be termed, pleaded by him. This was an action within the jurisdiction of the justice of the peace, and it was not necessary for defendant to have filed any pleading whatsoever; yet, as was held by the Supreme Court of Kansas in the case of *Royal Fraternal Union v. Crosier,* 70 Kan. 85, 78 Pac. 162.

· "Although in justice court practice the defendant is not required to file an answer, if he does so it will limit the issues as under the ordinary rules of pleading."

· It being apparent from defendant's answer that he had no defense to the note sued on, there was no error in the court rendering judgment on the pleadings.

All the Justices concur.