## WESTERN UNION TELEGRAPH CO. v. HOLLIS.

No. 780. Opinion Filed May 9, 1911.

(115 Pac. 774.)

1. **JUSTICES OF THE PEACE—Pleading.** A defendant in a justice's court may, without filing pleadings, plead any defense he may have to plaintiff's claim; and on appeal to the county court, when no answer or pleadings was filed in the justice's court, the same rule applies.

2. **TELEGRAPHS AND TELEPHONES—Contract for Transmission—Claims for Breach—Time—Validity of Limitation.** Under the laws existing in the Indian Territory, a stipulation between a telegraph company and the sender of a message that any claim arising out of a breach of said contract for damages or penalty must be presented within 60 days from the date of the filing of said message may be valid.

3. **JUSTICES OF THE PEACE—Appeal—Record—Correction.** On timely application to the county court, a party to the action should be permitted to have the record from the justice's court corrected by such justice of the peace so as to show that an answer was filed therein by the defendant, if, in fact, it was.

(Syllabus by the Court.)

*Error from Pittsburg County Court; R. W. Higgins, Judge.*

Action by L. A. Hollis against the Western Union Telegraph Company. Judgment for plaintiff, and defendant brings error. Reversed and remanded.

*George H. Fearons, Shartel, Keaton & Wells,* and *F. H. Kellogg,* for plaintiff in error.

*A. C. Sewell,* for defendant in error.

WILLIAMS, J. On the 21st day of January, 1908, the defendant in error, as plaintiff, commenced an action against the plaintiff in error, as defendant, before the justice court for Canadian township, in Pittsburg county, by filing a bill of particulars for $199.50 as damages for failure on July 3, 1907, to transmit and deliver a message *in haec verba:*

"Kansas City, Mo. 7/3/1907. L. A. Hollis, Crowder, I. T.— Please car potatoes elsewhere. Can't handle them to advantage to you afraid too long loading."

Said telegram was delayed about 28 hours. The plaintiff as to measure of damages claims that had said telegram been delivered in due course of business that he could have shipped said car of potatoes to D. E. Ryan Company, at Minneapolis, Minn., and received $1.40 per bushel, being $199.50 more than he did receive for them in Kansas City, where they were permitted to go on account of the failure to receive said telegram in due time.

It is not disclosed from the record that any pleadings were filed in the justice court by the defendant, or that any request that such be done was made. Judgment was rendered for the plaintiff in the sum of $102, from which an appeal was prosecuted to the county court, where it is recited that on the 15th day of May, 1908, defendant was permitted to file its answer, being entitled "Amended Answer," in which it is specifically pleaded that upon the back of said telegram was a printed condition under which said message was received and transmitted, which was made by William Brown for the benefit of the plaintiff, and that said plaintiff, as well as the defendant company, was bound thereby; that in said condition it was provided that the defendant company

should not be liable for damages or statutory penalties growing out of said contract, where the claim is not presented in writing within 60 days after the message is filed with the company for transmission; that no such claim was presented to the defendant company by said plaintiff, or by any one for him, within the specified time.   If the defendant filed an answer in the justice of the peace court, on appeal and trial *de novo* in the county court, it will be confined to the same issues as were made and tried in said court.   Section 4993, Wilson's Rev. & Ann. Stat. 1903; section 6335, Comp. Laws Oklahoma 1909; section 4714, St. Okla. Ty. 1893; section 14, art. 7, Const.; *Johnson v. Acme Harvester Mach. Co.,* 24 Okla. 468, 103 Pac. 638.   The record not so disclosing, the defendant was entitled in the county court to plead in said answer the failure to present said claim within said 60 days. *Wagstaff v. Challis,* 29 Kan. 505; *Denver, M. & A. Ry. Co. v. Cowaill,* 44 Kan. 325, 24 Pac. 475; *Stanley et al. v. Farmers' Bank,* 17 Kan. 592; *Douglass v. Easter,* 32 Kan. 496, 4 Pac. 1034. See, also, *Houston & T. C. R. Co. v. Lefevre,* 40 S. W. (Tex. Civ. App.) 340; *Hall v. Doyle,* 35 Ark. 445.

Section 1 of the Schedule to the Constitution is *in haec verba*:

"No existing rights, actions, suits, proceedings, contracts, or claims shall be affected by the change in the forms of government, but all shall continue as if no change in the forms of government had taken place."

If the provision for notice of such claim within 60 days was valid under the laws as they existed in the Indian Territory, such breach of contract having occurred thereunder prior to the erection of the state, such laws now apply.   *Cooper v. Ft. Smith & Western R. Co.,* 23 Okla. 139, 99 Pac. 785.   Such stipulation seems to be valid under such laws.   *Express Co. v. Caldwell,* 21 Wall. 264, 22 L. Ed. 556; *Primrose v. Western Union,* 154 U. S. 1, 14 Sup. Ct. 1098, 38 L. Ed. 883; *Western Union v. Coggin et al.,* 68 Fed. 137, 15 C. C. A. 231; *Finlay v. Western Union* (C. C.) 64 Fed. 459.   It would not now be valid.   Article 23, § 9, of the Const.; *Gray v. Reliable Ins. Co.,* 26 Okla. 592, 110 Pac. 728.

It appears from the record that the plaintiff asked an order

of the county court to have the justice of the peace correct the record so as to show that the defendant filed an answer in the justice court, and did not set up therein the defense as to the presentation of the claim within 60 days. The plaintiff has presented no cross-petition in error to review this action of the county court. If after the cause is remanded timely application is made to the county court for permission to have the justice of the peace to so correct the record, such order should be granted, and, if the record is so corrected upon another trial, the defendant would not then be entitled to introduce this new issue in the county court.

The judgment is reversed and remanded for a new trial.

All the Justices concur.