## PATRICK *et al.* v. TOWNE.

No. 5239.   Opinion Filed October 5, 1915.

Rehearing Denied November 2, 1915.

(152 Pac. 394.)

1. **JUSTICES OF THE PEACE—Pleading—Answer—Issues.** Under the practice in a justice court, it is not necessary for a defendant to file an answer in order to be heard upon his defense; but when he elects to join issue upon a specific defense by filing an answer, he is limited to the issues joined by such answer, as under the ordinary rules of pleading.

2. **APPEAL AND ERROR—Presentation Below—Pleadings.** Where the error complained of is that the evidence does not show that the levy and assessment of the sidewalk tax paid by the plaintiff was duly and legally made in order to constitute a lien against the real estate transferred, and this question was not put in issue by the pleadings in the trial court, the alleged error will not be reviewed by the appellate court.

(Syllabus by Rittenhouse, C.)

*Error from County Court, Garfield County;*
*Winfield Scott, Judge.*

Action by Ira Towne against S. D. Patrick and another. Judgment for plaintiff, and defendants bring error. Affirmed.

*Parker & Simons,* for plaintiffs in error.

*H. G. McKeever* and *Frederick L. Brimi,* for defendant in error.

Opinion by RITTENHOUSE, C. On August 5, 1911, S. D. Patrick and Nettie A. Patrick made, executed, and delivered their certain warranty deed to lot 11, block 10, in Marshall-Gannon addition to the City of Enid, Okla., to Ira Towne, for a consideration of $2,450, which deed contained the covenant that the premises were free

and clear of and from all judgments, liens, taxes, assessments, and incumbrances of what kind and nature soever, excepting a certain mortgage, and that the defendants would warrant and defend the same against all legal claims whatsoever. This action was brought to recover under the terms of the warranty contained in said deed the sum of $43 paid on certain sidewalk tax, under tax warrant 149, dated October 4, 1910, which it is alleged was a lien on said premises at and prior to the execution and delivery of the deed. To this bill of particulars the defendant S. D. Patrick filed an answer admitting the execution of the warranty deed as pleaded, and alleging that the deed was given to plaintiff in exchange for other property, and that the transaction and terms were agreed upon and fulfilled according to a certain contract; that in said contrac', each party was to execute w rranty deeds, and the matter of liens and incumbrances was settled by this contract. The answer of Nettie A. Patrick was to the effect that her signature was attached merely as an accommodation and without consideration; she being the wife of S. D. Patrick and having no interest in the transfer of said property.

Under the practice prevailing in a justice court, it is not necessary for a defendant to file an answer in order to be heard upon his defense, but when he elects to join issue upon a specific defense by filing an answer, he is limited to the issue joined by such answer, as under the ordinary rules of pleading. *Johnson v. Acme Harvesting Machine Co.,* 24 Okla. 468, 103 Pac. 638; *Western Union Tel. Co. v. Hollis,* 28 Okla. 613, 115 Pac. 774.

Applying to this case the ordinary rules of pleading, we find that the only issues to be litigated are:  (1)

Whether at the time of the transaction in question an independent contract was entered into by the parties and by such contract the matter of liens and incumbrances was adjusted; and (2) was the signature of Nettie A. Patrick procured without consideration, she having no interest in the property transferred? Neither of these questions is argued in the brief; but the only question raised goes to the sufficiency of the proof as to the levy and assessment of the taxes, and in support of this contention it is argued that the fact of payment of taxes may be shown by the tax receipt, which was done in this case, but that in order for the plaintiff to recover in this case he must not only prove the payment, but must also prove a legal levy and assessment, which it is argued cannot be done by merely introducing the tax receipt. From the view we take of this case, the question of whether the levy and assessment were duly and legally made was not put in issue by the pleadings, and hence cannot be urged here.

The cause should therefore be affirmed.

By the Court: It is so ordered.