## FIRST STATE BANK OF MANNSVILLE v. HORTON.

No. 6574. Opinion Filed April 18, 1916.

Rehearing Denied May 16, 1916.

(157 Pac. 312.)

**BILLS AND NOTES—Indorsement—Nonnegotiable Note—Rights of Purchaser.** A subsequent holder and owner of a nonnegotiable promissory note is not liable to the maker thereof for damages sustained as the result of an independent and separate contract between the original payee and maker of such note, where such liability had in no way become attached to the note while the same was yet in the hands of the original payee.

(Syllabus by Rittenhouse, C.)

*Error from County Court, Marshall County;*
*J. I. Henshaw, Judge.*

Action by the First State Bank of Mannsville against W. E. Horton. Judgment for defendant, and plaintiff brings error. Reversed and remanded.

*J. O. Minter* and *J. W. Falkner,* for plaintiff in error.

*Kennamer & Coakley, E. S. Hurt,* and *Geo. S. March,* for defendant in error.

Opinion by RITTENHOUSE, C. ·On January 2, 1909, W. E. Horton made, executed, and delivered two certain promissory notes to J. B. Wall for $200 and $100, respectively, secured by chattel mortgage.   The $200 note was given for a team and wagon, and subsequently transferred to the plaintiff.   The $100 note was given for supplies to be furnished during the season of 1909, and was transferred to the City National Bank of Ardmore.   This action was brought by the First State Bank of Mannsville to procure the possession of the team and wagon in order to satisfy the note of $200.   The defendant answered by general denial, admitting the execution and delivery of the note and mortgage, but setting up what is termed a counterclaim, alleging that at the time said note was executed J. B. Wall contracted and agreed with defendant to furnish feed and supplies for the year 1909 to enable him to raise certain crops, and that on the faith of this contract the notes and mortgage were executed and delivered; that Wall failed and refused to furnish such supplies, and defendant was thereby unable to give security for supplies at any other place, and was thereby prevented from planting and cultivating his crops, to his damage in the sum of $600.   It was admitted upon the trial by defendant that the note owned by the City National Bank of Ardmore was the one given for feed and supplies, and the note for $200, which is in controversy in this action, was given for the team and wagon.

Under these circumstances, the case of the *First National Bank v. Howell,* 41 Okla: 216, 137 Pac. 657, relied upon by defendant in error, can have no application.   The damages claimed in the counterclaim arise upon the note of $100, and in an independent and separate contract from the contract by which the team and wagon were pur-

chased and the note of $200 given in payment thereof, and the latter does not have the remotest connection with the question of furnishing supplies, with the exception that the one mortgage secured both notes. The counterclaim relied upon in this case is very similar to that alleged in the case of *Johnson v. Acme Harvesting Machine Co.,* 24 Okla. 468, 103 Pac. 638, in which this court held:

"A subsequent holder and owner of a nonnegotiable promissory note is not liable to the maker thereof for damages sustained as the result of an independent and separate contract between the original payee and maker of such note, where such liability had in no way become attached to the note while the same was yet in the hands of the original payee. The validity of a counterclaim is to be determined by the inquiry whether or not the substance of the facts stated would constitute a cause of action on behalf of the defendant against the plaintiff, if the plaintiff had not sued the defendant."

This decision is supported by *Neal v. Lea,* 64 N. C. 678, Nash, in his work on Pleading, Practice, and Forms, vol. 1, sec. 306, and *Vassear v. Livingston,* 13 N. Y. 248, and is based upon section 3, art. 7, c. 28, p. 328, S. L. 1905 (section 5635, Comp. Laws 1909; section 4746, Rev. Laws 1910), which provides:

"The counterclaim mentioned in the last section must be one existing in favor of a defendant and against a plaintiff, between whom a several judgment might be had in the action, and arising out of the contract or transaction set forth in the petition as the foundation of the plaintiff's claim or connected with the subject of the action. The right to relief concerning the subject of the action mentioned in the same section must be a right to relief necessarily or properly involved in the action for a complete determination thereof, or settlement of the question involved therein."

We therefore conclude that the counterclaim in this action under the admissions of the defendant is a separate and independent contract from that of the purchase and sale of the team and wagon, and the court erred in refusing to give the peremptory instruction requested.

The judgment should therefore be reversed, and the cause remanded.

By the Court: It is so ordered.