## ST. LOUIS & S. F. R. CO. et al. v. WHITEFIELD et al.

No. 8548—Opinion Filed April 9, 1918.

Rehearing Denied May 7, 1918.

(172 Pac. 637.)

**1. Justices of the Peace — Pleading—Defenses—Appeal.**

A defendant in the justice court may, without filing pleadings, prove any defense he may have to plaintiff's claim, and, in appeal to the county court no answer to the pleadings having been filed in the justice court, the same rule applies.

**2. Same.**

A defendant, having filed no answer in the justice court, was entitled to make any defense it had in the county court without answer, and had a right to introduce proof showing that an interstate shipment of live stock for which plaintiff claimed damages moved under a special contract, limiting its liability.

**3. Trial—Defenses—Instruction.**

Where defendant in such suit introduced as a defense such contract, containing a provision that "As a condition precedent to recovery of damages for death, loss, injury or delay of the live stock, that notice in writing of his claim to some general officer of the company or the nearest station agent or the agent at destination before the live stock mingled with other live stock and within one day after its delivery at destination, and providing that a failure to comply with this provision shall be a bar to recovery of any damages for loss or injury or delay," it was error in the court to fail to give requested instruction covering this provision of the contract.

(Syllabus by West, C.)

Error from County Court, Carter County; Thomas W. Champion, Judge.

Suit by A. H. Whitefield and another against the St. Louis & San Francisco Railroad Company, James W. Lusk, and others, receivers, etc. Judgment for plaintiffs in justice's court, and from a judgment for plaintiffs in the county court on appeal, defendants bring error. Reversed and remanded.

W. F. Evans, R. A. Kleinschmidt, and E. H. Foster, for plaintiffs in error.

H. C. Potterf and Earl Q. Gray, for defendants in error.

Opinion by WEST, C. This was a suit instituted by defendants in error against plaintiffs in error in the justice court of Carter county, Okla., to recover damages in the sum of $180, on account of loss and injury and damage to shipment of live stock from Forman, Ark., to Ardmore, Okla. The parties will be hereinafter referred to as they appeared in the courts below. Plaintiffs in their bill of particulars sued upon a common-law contract; defendants did not file a written answer. Plaintiffs obtained judgment; defendant appealed to the county court, where the cause was tried to a jury on issues made in the justice court, and resulted in a judgment in favor of plain-

tiffs, and defendant has perfected its appeal.

The only question presented by the appeal is whether or not the defendant under the state of the pleadings could prove that the shipment moved under a special contract which contained a provision limiting its liability. Secton 5414, Rev. Laws 1910, is as follows:

"Bill of Particulars to be Filed. In all cases before a justice, the plaintiff, his agent or attorney, shall file with such justice a bill of particulars of his demand, and the defendant, if required by the plaintiff, his agent or attorney, shall file a like bill of particulars if he claims a set-off, and the evidence of the trial shall be confined to the items set forth in said bill."

In construing this section this court, in Western Union Telegraph Co. v. Hollis, 28 Okla. 613, 115 Pac. 774, lays down the following rule, as will appear by the first paragraph of the syllabus, as follows:

"A defendant in a justice's court may, without filing pleadings, plead any defense he may have to plaintiff's claim; and on appeal to the county court, when no answer or pleadings was filed in the justice's court, the same rule applies."

In the body of the opinion the court uses the following language:

"It is not disclosed from the record that any pleadings were filed in the justice court by the defendant, or that any request that such be done was made. Judgment was rendered for the plaintiff in the sum of $102, from which an appeal was prosecuted to the county court, where it is recited that on the 15th day of May, 1908, defendant was permitted to file its answer, being entitled 'Amended Answer.' in which it is specifically pleaded that upon the back of said telegram was a printed condition under which said message was received and transmitted, which was made by William Brown for the benefit of the plaintiff, and that said plaintiff as well as the defendant company, was bound thereby; that in said condition it was provided that the defendant company should not be liable for damages or statutory penalties growing out of said contract, where the claim is not presented in writing within 60 days after the message is filed with the company for transmission; that no such claim was presented to the defendant company by said plaintiff, or by any one for him, within the specified time. If the defendant filed an answer in the justice of peace court, on appeal and trial de novo in the county court, it will be confined to the same issues as were made and tried in said court. Section 4993, Wilson's Rev. & Ann. Stat. 1903; section 6335, Comp. Laws Oklahoma 1909; section 4714, St. Okla. Ter. 1893: section 14, art. 7, Const.; Johnson v. Acme Harvester Mach. Co., 24 Okla. 469, 103 Pac. 638. The record not so disclosing, the defendant was entitled in the county court to plead in said answer the failure to present said claim within said 60 days. Wagstaff v. Challis, 29 Kan. 505; Denver, M. & A. Ry. Co. v. Cowgill, 44 Kan. 325, 24 Pac. 475; Stanley et al. v. Farmers' Bank, 17 Kan. 592; Douglass v. Easter, 32 Kan. 496, 4 Pac. 1034. See, also, Houston & T. C. R. Co. v. Lefevre (Tex. Civ. App.) 40 S. W. 340; Hall v. Doyle, 35 Ark. 445"

It would therefore appear that the defendant, having filed no written answer in justice court, was entitled to make any defense it had in county court without answer, and had a right to introduce proof showing that said shipment moved under a special contract, which contained the following provision limiting its liability, to wit:

"13. As a condition precedent to recovery of damages for any death, loss, injury or delay of the live stock, the shipper shall give notice, in writing, of his claim to some general officer of the company, or the nearest station agent, or the agent at destination, and before the live stock is mingled with other live stock, and within one day after its delivery at destination, so that the claim may be properly and fully investigated and a failure to comply with this condition shall be a bar to the recovery of any damages for such death, loss, injury, or delay."

It is well settled that the above and foregoing provision of an interstate live stock contract is valid and binding. St. Louis & S. F. R. Co. v. Zickafoose, 39 Okla. 302, 135 Pac. 406; St. Louis & S. F. R. Co. v. Driggers, 65 Okla. 297, 166 Pac. 703, and it necessarily follows that the court was in error in failing to give requested instructions covering this phase of the case and erred in refusing to give defendant's requested instruction No. 3, which is as follows:

"You are charged, that before you can find for the plaintiff, you must believe from a fair preponderance of the testimony that the plaintiffs notified the station agent at Ardmore in writing, before said stock was mingled or mixed with other cattle, and within one day of their delivery at Ardmore, that they should claim damages for the cattle injured; and, if they failed to give such notice, they cannot recover, and your verdict should be for the defendants."

On account of this error of the court it necessarily follows that this case should be reversed and remanded; and it is so ordered.

By the Court: It is so ordered.