McCLENDON et al. v. KENNEDY.

No. 27900.    March 1, 1938.

Hughey Baker, for plaintiff in error and interveners.

Harry W. Worsham, for defendant in error.

PHELPS, J. This was an action in replevin, filed originally in a justice of the peace court for the purpose of enabling the plaintiff to foreclose her chattel mortgage on defendant's truck. Two brothers of the defendant, through defendant's attorney, filed

a plea in intervention wherein they asserted an alleged prior mortgage, by virtue of which they claimed the right to possession. The justice of the peace held for plaintiff, and against the defendant and interveners. An appeal was taken to the court of common pleas, where, upon trial de novo, the same result was reached, and the defendant and said interveners again appeal.

The only contention on appeal is that the trial court erred in refusing to accord priority to the alleged mortgage given by defendant to his brothers, over the mortgage executed to plaintiff. On its face, it purports to have been executed several months before the mortgage to plaintiff. When the defendant executed the mortgage to plaintiff he told plaintiff that he had already mortgaged the truck to his brothers. This fact is admitted. Therefore the plaintiff had actual notice of such mortgage, and whether same was filed of record in the county clerk's office becomes immaterial on the issue of notice. Thus far it would seem to appear that the trial court erred, for that reason, in not according the interveners' mortgage priority over that of plaintiff, but that is not all of the case. We find that the trial court based its judgment, and in substance so stated, on the fact that the alleged mortgage to defendant's brothers, or at least the claimed date thereof, was fictitious and made apparently for the purpose of defeating plaintiff's claim, constituting no legally recognizable mortgage at all as against the defendant's creditors.

Whether the defendant had borrowed money from his brothers, or owed them, is one question. Whether he had in fact executed a mortgage to them, prior to the mortgage to plaintiff, is another question. Our opinion, after reviewing the record, is that the evidence was not such as would legally compel the trial judge to answer either of those questions in the affirmative.

The intervening brothers of the defendant did not testify. The sole witness in support of the allegation that any such mortgage was executed on the particular date that it bore on its face was defendant himself. He was not directly contradicted on this point by the testimony of any witness. Thus the turning point in this appeal is whether, from a legal viewpoint, the trial judge, as the trier of the facts, was bound by his testimony. If the record reveals a situation which under the proper test warrants the trial judge in refusing to believe the testimony of defendant, then the alleged mortgage of interveners is left entirely without evidentiary support and the judgment should be affirmed; otherwise it

should be reversed. Before setting forth the circumstances to be considered in that connection it is well to have in mind the test to be applied:

"Undisputed credible testimony not inherently improbable is usually binding upon the court or jury, but evidence is not regarded as undisputed if it is at variance with the facts and circumstances in the case or reasonable inferences to be drawn therefrom or from other evidence." Wise v. Wise, 175 Okla. 310, 52 P.2d 715.

The credibility of directly contradicted testimony is a question which is never before this court in its appellate capacity, for such is for the exclusive determination of the trial judge or jury. But when the undisputed testimony is sufficient to sustain a judgment favorable to such testimony, and the opposite judgment is rendered, a reviewable question of law is presented, otherwise the trial judge could ignore the evidence and render an arbitrary judgment which would not be subject to reversal on appeal. However, if the record reveals the presence of some exception to the rule, such as stated in the quotation from Wise v. Wise, supra, a trial judge may properly disregard testimony even though it is not disputed by any other witness. Such testimony may be greatly at variance with the facts and circumstances of the case; it may be inherently improbable; or the witness himself, by his evasions, self-contradictory statements, or eventual entrapment, may make it plain that his testimony, though undisputed, is not worthy of belief, in which case his testimony is not credible and is not binding. Such things may appear on the face of the record.

We have observed several different defections in the testimony of defendant, and in his defense, not all of which we shall discuss, which clearly authorized the trial judge to disbelieve defendant's testimony to the effect that he had previously mortgaged the truck to his brothers.

The question of what he did with the money which he claimed he had borrowed from his brothers was of course not material on the restricted issue of whether he executed the mortgage on the date claimed by him. It was proper, however, to inquire into that subject as affecting his credibility, and this the plaintiff did on cross-examination. Defendant stated, in reply to said questions, that the money which he borrowed from his brothers was for paying nurses, hospital bills, and doctors, and that he owed said nurses, etc., $412, which is the exact amount of the alleged mortgage. The

meaning clearly intended to be conveyed was that he used the money to pay the medical bills. Near the end of the trial, however, he was recalled for further cross-examination and admitted that, aside from a $15 payment, very little was paid on his medical bills other than $50 which he had used to redeem a worthless check which he had given the hospital or the doctors. His testimony on this issue was self-contradictory in several places. If he testified falsely as to this issue, it does not necessarily follow that he testified falsely as to the main issue, but the trier of the facts was authorized, in his discretion, to so conclude if he desired.

At the very outset of the proceedings, in his answer filed in the justice court, the defendant personally swore by verification that he "specifically" denied that he executed the mortgage to plaintiff. In his testimony in the common pleas court he admitted its execution, testifying as to the circumstances thereof.

There are several other circumstances and instances of the same nature, all connected with the issue under discussion, and all reflecting upon the credibility of defendant's testimony. We see no necessity of setting them out in this opinion. This phase of the case may be summed up with the statement that ample testimony is in the record to warrant the trial judge, if he saw fit, to disbelieve the defendant's narrations in their entirety.

It might further be observed, in passing, that the alleged mortgagee brothers have been unusually passive in asserting their claims. Though the relief demanded by their plea of intervention was in some respects antagonistic to the defendant, the same attorney represented them. They were not present at the trial. Defendant testified that one was absent on a vacation, in California. The other was in Oklahoma City, but, upon being called by defendant on the telephone to attend the trial, he replied, according to the defendant, that he was in conference, and could not attend. His attorney, whose client thereby stood to lose a $412 security, made no effort to obtain a continuance. In this connection see Loyal Protective Ins. Co. v. Shoemaker, 178 Okla. 612, 63 P.2d 960, 2d and 3d paragraphs of the court's syllabus.

The plaintiff does not attempt to minimize the evidence supporting the finding that the alleged mortgage was spurious. He does contend that such evidence was inadmissible, and should not be considered, because of the rule that fraud cannot be relied upon unless it is specially pleaded. But this action was commenced, and all the issues were made by the pleadings, in the justice of the peace court. Since the alleged mortgage was first asserted by the defendant and his brothers, if the plaintiff elected to take issue with the validity thereof, she could do it only by way of reply. But a reply is not a necessary pleading in a justice of the peace court. Johnson v. Johnson, 43 Okla. 582, 143 P. 670. It follows, under the circumstances, that it was unnecessary to plead fraud at all. Had the plaintiff filed a reply, it could be argued that she would have been bound by it under the ordinary rules of pleading, by the rule laid down in Johnson v. Acme Harvesting Mach. Co., 24 Okla. 468, 103 P. 638, as to answers filed in justice courts, but she did not file a reply.

Furthermore, on appeal to the common pleas court, it was unnecessary for plaintiff to file a reply in order to present the issue, the same reasoning being applicable as was involved in St. L. & S. F. R. Co. v. Whitefield, 70 Okla. 26, 172 P. 637, where it was held that on an appeal from a justice court to the county court, where no answer had been filed in the justice court, defendant could prove any defense which he had to plaintiff's claim.

The mortgage of another party, C. R. Olson, not heretofore mentioned, was also given priority over the mortgage alleged by interveners. It is unnecessary to discuss that question, since it is determined by the issues hereinbefore discussed.

The judgment is affirmed.

OSBORN, C. J., BAYLESS, V. C. J., and RILEY and CORN, JJ., concur.