FINDLAY v. WESTERN UNION TEL. CO.

(Circuit Court, W. D. Virginia. May 23, 1894.)

TELEGRAPH COMPANIES—FAILURE TO TRANSMIT MESSAGE.
The receiver of a message, as well as the sender, is bound by a condition in the contract requiring claims for damages to be presented to the telegraph company within 60 days after the day the message is filed for transmission.

This was an action by C. R. L. Findlay against the Western Union Telegraph Company to recover damages for failure to deliver telegraphic messages to him.

Fulkerson, Page & Hurt, and D. Trigg, for plaintiff.
Scott & Staples, for defendant.

PAUL, District Judge. This is an action for damages against the defendant telegraph company for its failure to deliver to the plaintiff

two dispatches sent to him by E. Y. Mitchell, curator, etc., one of which dispatches was sent from St. Louis on September 17, 1891, and the other from Rolla, Mo., on September 19, 1891. These messages offered to the plaintiff the position of professor of chemistry in the School of Mines at Rolla, at a salary of $1,800. The declaration alleges that, by reason of the negligence of the defendant in not delivering promptly the said messages, the plaintiff was prevented from accepting and obtaining the position offered him, the same having been filled by another before the plaintiff could answer said telegrams and accept the offer made to him. The dispatches sent and delivered contained, among other provisions, this condition:

"The company will not be liable for damages or statutory penalties in any case where the claim is not presented in writing within sixty days after the message is filed with the company for transmission."

It is admitted that this requirement was not complied with; no notice of the claim being given within 60 days after the messages were filed with the company for transmission, or after their delivery to the plaintiff. All the evidence being introduced in the case, the defendant asked for the following instruction to the jury:

"The court instructs the jury that it was the duty of the plaintiff in this case to present in writing to the defendant company his claim for damages claimed under the declaration within sixty days from the date of filing of the messages from E. Y. Mitchell to the plaintiff; and, if they believe from the evidence that said claim was not presented in writing within sixty days from such date, they must find for the defendant."

It is admitted by counsel for the plaintiff in the discussion that, according to the decisions of the courts, this rule is a reasonable one as to the sender of the message, and that it is binding upon him; but it is insisted that it is not binding on the sendee or receiver of the message. It is urged that the receiver of the message is not a party to the contract between the sender and the telegraph company. Counsel for the defendant insist that it is binding on both the sender and the receiver of the message, and that neither can recover in a suit with this condition in the contract of transmission. The declaration alleges in two or more counts that on the 17th day of September, 1891, and on the 19th day of September, 1891, one E. Y. Mitchell, a curator of the University of Missouri, delivered to the defendant a certain message or dispatch at his office in the town of Rolla, Mo., directed to and addressed to the plaintiff at Abingdon, Va., and contracted with the defendant to transmit and deliver the said dispatch or message to the plaintiff at Abingdon, Va., according to the provisions of law, and according to said contract, promptly and without delay. It further alleges:

"That said E. Y. Mitchell paid to the defendant * * * all the costs and charges that it demanded for the transmission and delivery of said dispatch or message, according to its regulations, and according to the contract of transmission and delivery of said dispatch or message as undertaken by it, as hereinbefore set forth; * * * and that the defendant failed * * * to deliver the dispatch promptly without delay, as it was its duty to do under its aforesaid contract; and that its failure to deliver to him the said message or dispatch promptly, as was its duty and obligation to do, was caused by the negligence of the defendant company, its agent," etc.

The plaintiff thus claims the benefit of this contract of transmission, and avers that he has been damaged by a breach of it; claims the benefit of its obligations; makes himself a party to its provisions, placing himself in this relation to it, and demanding a strict enforcement of his own rights under it. It cannot be successfully contended that he is exempt from the operation of certain provisions of the contract, to be complied with on his part before he can successfully assert his rights to the benefits accruing under it, or a redress of wrongs growing out of its violation. The contract is an agreement between the sender and the telegraph company that, for a stipulated price, the company shall carry a message from the sender, and deliver the same to the receiver. It is the same contract when delivered to the receiver that it was when it came from the hands of the sender. He takes it with all the rights that accrued to the sender, and he assumes all the obligations that it imposes on the sender when he comes to assert his rights under it.

In the limited time at the disposal of the court since adjournment yesterday evening, it has not had time to make many extracts from the authorities cited sustaining this position. It refers to Thompson on Negligence (page 847), where it is held that "the receiver of the message is privy to the contract between the sender and the telegraph company." Again: "It seems reasonable that, for all purposes of liability, the telegraph company shall be considered as much the agent of him who receives as of him who sends the message." Sherrill v. W. U. Tel. Co. (N. C.) 14 S. E. 94, is a case in which it is held that the restriction under discussion applied to the receiver of a message. W. U. Tel. Co. v. Dougherty (Ark.) 15 S. W. 468; Express Co. v. Caldwell, 21 Wall. 264. The foregoing authorities, as well as others that might be cited, sustain the position of counsel for defendant that the limitation of 60 days within which a claim must be filed in writing applies as well to the receiver as to the sender of a message. The court, on principle, can arrive at no other conclusion than that the reasons for the existence and enforcement of the rule against the sender are the same, and equally strong for the enforcement of the same against the receiver.

Waiver: But it is claimed that the defendant company waived its rights to the enforcement of this rule in the correspondence had between its attorney and the attorneys for the plaintiff. The court cannot agree with this position. So far from waiving this requirement, the first letter received from the attorney for the defendant company insists on its enforcement. Its language is:

"I would call your attention to the printed notice on this company's blanks requiring that all claims for damages be presented in writing within sixty days from the sending of the message. Mr. Findlay has entirely failed in the matter of such requirement, which has uniformly been held by the courts a good and sufficient defense to an action in damages."

Conclusion: That the condition requiring notice of claim for damages to be given to the company within 60 days is binding upon the receiver as well as the sender of the message. The instruction asked for by the defendant embodies the law, and will be given to the jury.

Plaintiff's instruction is inconsistent with the views of the court, and with the instruction just given for the defendant, and must be refused.